## A. T. & SANTA FÉ RAILROAD CO. V. JOSHUA EDWARDS.

INJURY OF STOCK; *Defective Railroad Bridge; Negligence; Apportionment of Damages; · Statute Construed.* The track of the railroad company being unfenced, two mares belonging to E. got onto it, and walking along attempted to cross a bridge. The bridge being built of ties, with open spaces between, their legs slipped into these open spaces, and the animals became fastened in the bridge, receiving certain injuries therefrom. There was negligence, as the jury found, on the part of the company in the construction of the bridge causing these injuries. Afterward, a train approaching finds the animals still fastened in the bridge. The train men proceed to remove them therefrom, and in so doing the animals sustained still further injuries. *Held,* That the injuries done in removing the animals from the track were done in operating the road, within the meaning of the law of 1874 concerning injuries to stock. *Held further,* That the injuries resulting from the animals falling into the bridge were not within the scope of that act, although the company might be liable therefor on account of its negligence. And further, that where there was nothing in the record by which this court could apportion the damage resulting from these two different injuries, no apportionment could be made of attorney-fees allowed on the total recovery, and they must be stricken out altogether.

### *Error from Atchison District Court.*

EDWARDS, at the June Term 1877 of the district court, recovered a judgment against the *Railroad Company*, for $200 damages, $30 as attorney-fees, and costs of suit. The *Railroad Company* brings the case here.

*Everest & Waggener*, for plaintiff in error.

*Mills & Wells*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action under the law of 1874 to recover for stock killed and wounded on the track of the railroad of plaintiff in error. The facts were these: Two mares got onto the track, the same being unfenced, and in attempting to cross the railroad bridge, became fastened in it, their legs slipping down through the open spaces between

the ties.   While in this position a freight train came along, and in getting the animals off from the bridge, which was done by the train men, and without any collision between the animals and the locomotive, they were both injured, one so badly that she died shortly after therefrom.   The jury found specifically, that the employés of the road did not use ordinary care in removing the animals from the track, and also that the injuries were caused partly by the falling into the bridge in the first instance, and partly in the removal therefrom, but without in any manner apportioning the damages caused by these several injuries.   True, they found that one mare was injured in the removal about 75 per cent. of her value, and the other about 25 per cent.; but they did not find the value of either.   It is evident however, from the special findings, taken in connection with the amount of the verdict, that they regarded the major injuries as sustained in the removal.   Upon these facts two questions arise:  were the injuries received in *removing the animals*, received in operating the railway?  and secondly, were the injuries received in *falling into the bridge* likewise thus received, within the meaning of the act?

With regard to the first question we have little doubt.   A train finds certain obstructions upon the track, and the train men proceed to remove them.   Surely, whatever they do in removing these obstructions is done in operating the road. It is essential to the operating of it.   All movement of trains at that point stops until the obstructions are removed. The track must be kept clear, and in position to enable the trains to move; and whatever is done in accomplishing these results, is done in operating the road.   It is not included in the original construction and equipment of the road.   But with a road-bed completed, track laid, and road stocked with cars and engines, keeping the track clear is part and parcel of the operating of the road.   The expense of it would be charged to operating expenses.   Accidents and injuries in it, are accidents and injuries in operating the road.

But with the other question we have had some doubt.   An

Opinion of the Court.

animal falls into a tie bridge, and is thereby injured.   Is it
injured in the *operating of the road?*   Suppose the road were
abandoned, or had never been used, would not the same in-
jury result?   Is an injury, because it occurs on the track, an
injury done in the operating of the road?   Suppose an indi-
vidual had attempted to walk across that bridge, and his feet
slipping, had fallen between the ties and been injured: could
it be said that he was injured by the company in operating
its road?   Does not the very term *operating,* imply some ac-
tion on the part of the company tending to produce the in-
jury?   Where the company is wholly inactive, and the only
active force is the volition of the animal or person, can it be
that the resulting injury is in the operating of the road,
merely because it happens on the track, and by reason of the
manner in which that track was originally constructed?   It
seems to us that this question must be answered in the nega-
tive.   The act does not reach such cases.   It does not follow
from this that the company is not liable for such an injury.
If it is chargeable to and results from the negligence of
the railroad company in the construction of the bridge, or
otherwise, then upon general principles the company may be
liable; but such liability does not arise under this particular
statute.   In the case at bar, the bill of particulars charged
negligence.   The testimony showed that the bridge was
changed immediately after the accident, so as to make a
cattle-guard at either end, and thus prevent cattle from
walking onto it.   The court instructed concerning negligence,
and the jury found negligence.   So that as the record stands,
we think the company was properly held liable for the dam-
ages resulting from both the injuries.

Can the award of attorney-fees be sustained?   We think
not.   So far as part of the injuries sustained are concerned,
there would be no liability under the statute for such fees.
There is nothing in the verdict or findings by which any ap-
portionment can be made of the damages.   The attorney-fees
were allowed in the action, and for aught that appears, as
though the full liability of the company were under the stat-

ute. As we cannot apportion the damages, neither can we the attorney-fees, and they must be stricken out. The judgment will therefore be modified by striking out the attorney-fees. Otherwise it will be affirmed. The costs of this court will be divided.

VALENTINE, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the case.