THE CENTRAL BRANCH UNION PACIFIC RAILROAD
COMPANY v. J. G. NICHOLS.

1. OPINION OF WITNESS; *Hypothetical Case; No Error.* On the trial of
an action under the stock law of 1874, the opinion of a witness as to
the value of the services rendered by the plaintiff's attorney in prose-
cuting the case, is competent, if such opinion is founded upon the char-
acter of the case set out in the bill of particulars filed in the action, or
upon a hypothetical case put to the witness, corresponding with the real
case. *Held,* further, not error for the witness to give his opinion of the
value of such services when a particular railroad company is singled out,
if he shows himself acquainted with the value.

2. DAMAGES, *Rule of; Scope of Inquiry of Jury.* In an action for the re-
covery of damages under the stock law of 1874, for the killing of a cow,
the plaintiff is entitled to recover the market value of the animal. The
jury, in estimating this value, may consider all the qualities of the animal
which affect her market value, and are not limited in their inquiry to
the value of the cow for beef or milking purposes.

3. ———— *Attorney's Fees.* Where the findings show that an animal was
injured on a railroad track through the failure of the company to fence
the track, and the negligence of the company in running and operating
the cars on its road, attorney's fees are recoverable under the statute of
1874.

*Error from Nemaha District Court.*

ACTION brought by *Nichols* against the *C. B. U. P. Rld.
Co.,* to recover damages for killing a cow belonging to the
plaintiff. Trial at the October Term, 1879, of the district
court, and judgment for the plaintiff. The *Railroad Com-
pany* brings the case to this court. The opinion sufficiently
states the facts.

*Everest & Waggener,* for plaintiff in error.

*Simon Conwell,* and *Hayden & Hayden,* for defendant in
error.

The opinion of the court was delivered by

HORTON, C. J.: The bill of particulars in this case, filed with
the justice of the peace November 11th, 1878, stated a cause
of action under the stock law of 1874, against the plaintiff

in error and in favor of the defendant in error, to recover for the killing of a cow in Nemaha county. The bill of particulars also stated, in addition to the allegation that the road of the railroad company was not inclosed with a fence in said county, that the agents and servants of the company so carelessly and negligently run and managed its locomotive and cars, that they ran over the cow, and so wounded and injured the animal that she died within a few days.

On appeal, the jury rendered a verdict in the district court for $214 damages, and $65 attorney's fee. Judgment was entered in accordance with the verdict, and the railroad company brings the case here. On the trial, three witnesses, Nathan Price, F. D. Mills and J. E. Taylor, testified that a reasonable attorney's fee for commencing and prosecuting the action before a justice of the peace would be from $25 to $30. The court also permitted the following question to be asked of John S. Hopkins, another witness for the defendant in error:

"Do you know what a reasonable attorney's fee would be for commencing and prosecuting a case against the Central Branch Union Pacific Railroad Company, in a justice's court in Wetmore, Kansas, to recover the value of a cow killed by said railroad, or its agents or servants, in the operation of its railroad in Nemaha county, Kansas, where the said cow is of the value of $200, and in which case it would be necessary to take depositions of three or more witnesses at Holton, Kansas, to prove the value of such cow, when such action is brought under the statute of 1874, entitled, 'An act relating to the killing and wounding of stock by railroads?'" The witness answered, "I do."

To the further question:

"What would be a reasonable charge in such a case?" he answered, "Twenty-five dollars."

Objection was taken to this question and answer, on the grounds that the witness had not shown himself competent to give an opinion, and that it singled out a particular company. The objections are not well taken. The witness had previously stated that his age was forty-two years; that he was a lawyer by profession; that he resided in Holton, Jackson county. It is in the knowledge of every member of the

legal profession in active practice, that the value and reasonable price of the services of an attorney vary with the amount in controversy, the legal questions involved, the general importance of the case, and the ability and reputation of counsel engaged. The question and answer implied an acquaintance by the witness with the value of such professional services in an action brought against the particular railroad company defending, and this knowledge ought to have given him additional advantage in estimating the value of such services. Under such circumstances, to single out the Central Branch Railroad company was not calculated to mislead the jury, or prejudice any party's rights. Of course, upon cross-examination, the witness could have been compelled to disclose the basis of his information, the number of like cases he had attended to against the plaintiff in error, and such other matters as would have enabled the jury to place the proper weight upon his testimony.

The cases cited by counsel are not parallel with this one, and are therefore not in point.

Another allegation of error is, that the court refused to give the following instruction:

"The jury are instructed that in estimating the amount of plaintiff's recovery herein, if they find the plaintiff is entitled to recover, they will not take into consideration the fact that said cow would breed good calves if bred to a thoroughbred bull, but consider only her general market value."

The court, however, did instruct the jury, that, "if they found from the evidence that the plaintiff was entitled to recover, he could not recover more than the market value of the cow, with interest thereon at seven per cent.; interest from the date of demand." This instruction sufficiently acquainted the jury with the proper rule of damages in the case, and we perceive no error in refusing the instruction prayed for. The jury had the right to take into consideration all the qualities of the cow, which would offset her market value. To have limited their inquiry to the value of the cow for beef or milking purposes, would have been grossly unjust and erroneous.

The final complaint is, that the court erred in rendering any judgment for attorney's fees. It is contended that the findings of fact show that the jury found that the animal was killed partly through the negligence of the agents and employés of the railroad company in running and operating the train, and partly through the failure of the company to fence its track.

The findings referred to are as follows:

"Was said cow injured and wounded by any negligence of said defendant, its agents or employés, in running and operating the cars on defendant's said road?" *Ans.* "Yes."

"Was said injury complained of partly caused by the failure of defendant to fence its railroad track?" *Ans.* "Yes."

The effect of the statute of 1874, in the absence of negligence on the part of the owner, is to avoid the necessity of any inquiry into the mere negligence of the railroad company beyond the failure to fence, yet, if further inquiry is had, and other negligence is shown on the part of the agents or employés in operating the road, such additional negligence does not, by any means, take the case out of the statute. More is alleged, and more is proved, in such a case, than is essential. The facts and findings bring this case strictly within the provisions of the statute, and defendant in error was entitled to recover his attorney's fees.

The case of *A. T. & S. F. Rld. Co. v. Edwards,* 20 Kas. 531, is in harmony with this ruling. This court held in that case, that the injuries caused by the negligence of the employés of the road in removing the animals from the track, were done in operating the road within the law of 1874, but as the injuries caused to the animals by falling into the bridge did not result in operating the road, and as there was no way to apportion the damages, the attorney fees were not recoverable. In this case, all the damages resulted from the failure to fence, and in the operation of the railroad. Had the jury found that the injuries to the cow, in the case before us, were partly caused by the agents and employés of the railroad company in some other manner than in running or operating the

road, the case of *A. T. & S. F. Rld. Co. v. Edwards*, supra, would be authority. The findings are otherwise.

The judgment of the district court will be affirmed.

All the Justices concurring.