## THE KANSAS CITY, LAWRENCE & SOUTHERN RAILROAD COMPANY v. JOHN M. NEVILLE.

1. RAILROAD STOCK LAW; *Allegation as to Fence, Sufficient.* In an action commenced before a justice of the peace under the railroad stock law of 1874, (Comp. Laws of 1879, pp. 784, 785,) where the only allegation in the plaintiff's bill of particulars with regard to a want of a sufficient fence, is as follows: "That the said railway of defendant was not, at the time of said killing, and is not now, inclosed with a good and lawful fence, to prevent said animals, or any other animals, from being on said railway," and the question is raised for the first time in the supreme court, that this allegation was not sufficient, *held*, that, under the circumstances, it must be considered sufficient.

2. FENCE; *Evidence; Finding.* On the trial of this case in the district court, the plaintiff proved that "the railroad of the defendant was not fenced where they (the animals of the plaintiff) were killed;" and this was the only evidence introduced or offered, with regard to the railroad being fenced or not being fenced: *Held,* That said evidence was sufficient to authorize the court below to make a finding that the road was not fenced where the animals entered upon the road.

### Error from Anderson District Court.

ACTION brought by *Neville* against the *Railroad Company,* to recover damages for killing a cow and a steer belonging to plaintiff. Trial at the March Term, 1880, of the district court, and judgment for plaintiff for $65 damages, $30 attorney's fee (including fees before the justice and in the district court), and for costs. The defendant brings the case here. The opinion states the facts.

*S. O. Thacher*, for plaintiff in error.

*L. K. Kirk*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John M. Neville against the Kansas City, Lawrence & Southern railroad company, for killing certain stock of his in Anderson county, Kansas. The action was based upon the railroad stock law of 1874. (Comp. Laws of 1879, pp. 784, 785.) Under the provisions of such law every railroad company is made liable for all stock killed by it in operating its road, except where such "road is inclosed with a good and lawful fence to prevent such animals from being on such road." (Sec. 5 of said law.) The action was commenced before a justice of the peace, and the plaintiff alleged in his bill of particulars, among other things, "that the said railway of defendant was not, at the time of said killing, and is not now, inclosed with a good and lawful fence to prevent said animals, or any other animals, from being on said railway." This was the only allegation in the bill of particulars with regard to a want of a sufficient fence. On the trial of this case in the district court, to which court the case had been removed by appeal, the plaintiff proved that "the railroad of the defendant was not fenced where they (the animals of the plaintiff) were killed." This was the only evidence introduced or offered with regard to the railroad being fenced or not being fenced. All the other allegations of the plaintiff's bill of particulars were sufficiently proved; and upon the bill of particulars and the evidence the court below found generally in favor of the plaintiff and against the defendant, and rendered judgment accordingly.

The defendant below, plaintiff in error, now claims that the judgment of the court below is erroneous, because it was not sufficiently alleged or proved that the defendant's road was not sufficiently fenced where the animals first went upon the road. It is true that the allegation with regard to the

want of a fence was not very definite, or very artistically stated; still, no objection was at any time made to such allegation because of any supposed insufficiency in its terms. The parties went to trial upon the bill of particulars containing this allegation as though such bill of particulars was sufficient in every respect; and the supposed defective allegation is almost in the exact language of the statute. After the defendant took the chances of a trial upon such bill of particulars, without at any time making any objection thereto, and the bill of particulars being merely indefinite, but not so much so as to be void, we think that it ought now to be held to be sufficient. Counsel for plaintiff in error is probably correct in claiming that in order to enable the plaintiff to recover of a railroad company for animals killed in the operation of its road, plaintiff must show that the road was not fenced where the animals first entered upon the premises; but we think the evidence in this case, though slight, was sufficient from which the court might find that the road was not so fenced. It was clearly shown that the road was not fenced where the animals were killed, and the court might well find from such evidence that the animals entered upon the road where they were killed. There was nothing in the case to show that the animals entered upon the road at any other place. This point has been virtually decided by this court, in the case of *K. P. Rly. Co. v. Wood*, 24 Kas. 619, 626.

Now while we are inclined to agree with counsel, that if the animals had entered upon the road at a place where the railroad company was not bound to fence its road, or if the animals had broken over a lawful fence and entered upon the road, and then had wandered to a place where the road was not fenced, and had there been killed, without any negligence on the part of the railroad company, that the railroad company would not be responsible; but as it is not necessary to decide that question in this case, we shall not decide it, for we think the evidence was sufficient to justify the court below in finding that the road was not fenced where the animals entered upon it; or, at most, we do not think that we would

be justified in overturning the finding and judgment of the court below merely·because they were made and. rendered upon such evidence.

The judgment of the court below will be affirmed.

All the Justices concurring.