# THE MISSOURI PACIFIC RAILWAY COMPANY v. GILBERT N. PIPER.

1. BILL OF PARTICULARS, *Properly Amended.* In an action brought before a justice of the peace, by P. against a railway company, to recover damages under the railroad stock-killing law of 1874, (Comp. Laws of 1879, p. 784,) for the killing of a colt, the plaintiff recovered a judgment before the justice of the peace, and the defendant appealed to the district court, where the plaintiff, with leave of the court, and full notice to the defendant, amended his bill of particulars so as to make it allege (which it did not do before) that the plaintiff, more than thirty days before the commencement of his action, demanded of the defendant the full value of the colt, and that the defendant failed and refused to pay anything therefor, *held,* that the court below did not err in permitting the plaintiff to make such amendment.

2. FENCE, *Want of, Sufficiently Alleged.* Also, in said case the plaintiff alleged in his original bill of particulars that "said colt was injured and killed by said defendant at a place where said road-bed and railway were not fenced, but ought to have been fenced, as required by law, to keep stock from crossing on, over, along and near the railroad and bed of the defendant; and that said animal was not injured and killed at or near any public road or crossing." *Held,* Under the circumstances of this case, that said allegation is sufficient with regard to alleging the want of a sufficient fence.

## *Error from Leavenworth District Court.*

ACTION under the railroad stock law, brought by *Piper* against the *Railway Company,* to recover damages for killing a colt belonging to plaintiff. Trial at the September Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Portis & Andrews,* and *E. J. Sherlock,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought before a justice of the peace by Gilbert N. Piper, against the Missouri Pacific railway company, to recover damages under the railroad stock-killing law of 1874, (Comp. Laws 1879, p. 784,) for the killing of a colt. The plaintiff recovered a judgment before the justice of the peace, and the defendant appealed to the district court. The defendant then objected to all further proceedings in the case, claiming that neither the justice of the peace nor the district court had any jurisdiction in the case; and claiming this upon the grounds of the following assumed defects in the plaintiff's bill of particulars:

1. The plaintiff did not allege in his bill of particulars that he had demanded of the railway company, thirty days before bringing the suit, the value of the colt killed.

2. The plaintiff merely alleged that the colt was killed at a place where the defendant's road was not fenced, and where it ought to have been fenced; and did not allege in terms that

the defendant's road was not fenced at a place where the colt entered upon the road.

The defendant suggested a diminution of the record of the proceedings had before the justice of the peace, and moved the court below to order that the justice of the peace should send up a paper which would show that the defendant did not make any general appearance before the justice, but made only a special appearance before the justice for the purpose of contesting the jurisdiction of that court. The court below overruled the defendant's motion. The plaintiff then, with leave of the court, amended his bill of particulars so as to make it allege that the plaintiff, more than thirty days before the commencement of his action, demanded of the defendant the full value of the colt, and that the defendant failed and refused to pay him anything therefor. The defendant objected to this amendment, and moved the court to strike it out. The defendant also objected to any proceedings being had under the plaintiff's amended bill of particulars, and specially objected to the introduction of any evidence thereunder; but the court below overruled all the plaintiff's objections, and proceeded with the trial of the case upon the plaintiff's amended bill of particulars. After the plaintiff had introduced all his evidence the defendant demurred to the evidence upon the grounds — first, that the evidence did not show that the defendant's colt was killed in the operation of any railroad; second, that the evidence did not show that the colt was killed by the defendant. The court below overruled the demurrer; the jury found in favor of the plaintiff, and against the defendant, and judgment was rendered accordingly. The defendant now brings the case to this court for review.

We think the district court had ample jurisdiction to hear and determine the case. When the defendant appealed the case from the justice of the peace to the district court, he admitted, *prima facie* at least, that the justice of the peace had jurisdiction, and surrendered full jurisdiction to the district court to hear and determine the case for whatever there was

in it. It makes no difference whether the defendant made any general appearance before the justice of the peace or not, for the defendant itself took the case to the district court, and in that court made several general appearances.

The first and main question however in the case, and the one which requires our special consideration, is, whether the court below erred in permitting the plaintiff to amend his bill of particulars. Without such amendment, no valid judgment could have been rendered in the case; but with it, the power of the court to render a valid judgment was ample; therefore the amendment was very material in the case. But because the amendment was thus material it does not deprive the court of the power to allow the amendment. Often where a plaintiff's petition does not state a cause of action, the court may allow an amendment to be made to it, so that it will be sufficient. And because the petition does not in the first instance state a cause of action, does not deprive the court of all jurisdiction in the case. The petition is amended and the case is proceeded with in the same manner as though the petition had been sufficient in the first instance. Of course notice must be given of all material amendments; but ample notice was given of the plaintiff's amendment to his bill of particulars in the present case. The question then is simply whether the court below had the power to permit the amendment that was in fact made. Section 74 of the justices' code provides that "the bill of particulars may be amended at any time before the trial, or during the trial, *or upon appeal,* to supply any deficiency or omission in the items, when by such amendment substantial justice will be promoted." And § 122 of the justices' code provides that on appeal "the case shall be tried *de novo* in the district court upon the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." These two sections would seem to give the court ample power to allow the amendment. New pleadings may be filed and new items may be supplied, in furtherance of justice.

1. Bill of particulars, properly amended.

The plaintiff by this amendment did not change his cause of action. He did not even add to his cause of action. He simply stated an additional fact which gave him authority and permitted him to prosecute his cause of action; and this fact existed more than thirty days before he commenced to prosecute his cause of action.

The allegation with regard to the want of a sufficient fence was as follows: "Said colt was injured and killed by said defendant at a place where said road-bed and railway were not fenced, but ought to have been fenced, as required by law, to keep stock from crossing on, over, along and near the railroad and bed of the defendant; and that said animal was not injured and killed at or near any public road or crossing."

We think this allegation is sufficient. (*K. P. Rly. Co. v. Wood*, 24 Kas. 619; *K. C. L. & S. Rld. Co. v. Neville*, 25 Kas. 632.)

We think the evidence was sufficient from which the jury might properly find that the colt was killed in the operation of a railroad, and also that it was killed by the defendant in the operation of its road. We do not think that it is necessary to give the evidence, or to comment upon the same.

2. Fence, want of, sufficiently alleged.

We do not think that the court below committed any material error, and therefore its judgment will be affirmed.

All the Justices concurring.