St. L. & S. F. Rly. Co. v. Dudgeon.

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. WILLIAM C. DUDGEON.

1. RAILROAD STOCK LAW; *Sufficient Allegations as to Fence.* Where a petition alleges that the line of a railway runs through a county where a cow was killed, and that the line of the railroad through the county and at the place where the cow was killed is not fenced, and it further alleges that the cow was killed at a place where the railroad could be fenced, the allegations are sufficient concerning the failure to inclose the road with a fence to render the railroad company liable under the stock law of 1874.

2. ———— *Competent Evidence.* In an action to recover damages for killing a cow, it is competent to admit all evidence tending to show the good qualities of the cow which affect her market value.

3. UNFENCED RAILROAD; *Liability.* Where a railroad runs through an inclosed field in which a cow was killed, and the owner of the cow has permission of the owner of the inclosed field to pasture his cow therein, the railroad company is liable if its road is not inclosed with a good and lawful fence to prevent animals from being on such road.

*Error from Greenwood District Court.*

AT the December Term, 1881, of the district court, plaintiff *Dudgeon* recovered a judgment against the *Railway Company*, which brings the case here. The facts appear in the opinion.

*S. S. Kirkpatrick*, for plaintiff in error.

*J. B. Clogston*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action is based upon the railroad stock law of 1874. It is urged that the court erred in overruling the demurrer to the petition. This upon the ground that the petition did not allege that the railroad was not fenced where the cow first went upon the track. The petition among other things alleges "that the defendant's line of railroad runs through the county of Greenwood, state of Kansas; that on the 8th day of February, 1881, while operating its railway in Greenwood county, defendant ran its train of cars over and

against one Durham cow, the property of this plaintiff, thereby wounding and crippling the cow, and thereby causing the death of the cow; that said Durham cow so killed by the defendant was of the value of $150; that the defendant's line of railroad through Greenwood county at the place where the cow was killed was not fenced with a good and sufficient fence; and that the place where the cow was killed on defendant's railroad was not on the crossing of a public road, or within the limits of an incorporated city, town or village."

I. Within the decisions of *Railway Co. v. Wood*, 24 Kas. 619–626, and *K. C. L. & S. Rld. Co. v. Neville*, 25 Kas. 632, the general allegation that the defendant's line of railroad through Greenwood county and at the place where the cow was killed was not fenced, and that the cow was killed at a place where the road could be fenced, was sufficient to make the company liable, and the court properly overruled the demurrer.

II. On the trial, over the objection of defendant, plaintiff below was permitted to prove that the calves of the cow were worth from $30 to $35 each. This was admitted as tending to prove the value of the cow. It was proper to admit all evidence tending to prove the good qualities of the animal killed which would in any way affect her market value, and this evidence tended in some degree, perhaps remotely, to show that she was a blooded animal. The evidence therefore was not wholly irrelevant. (*Rld. Co. v. Nichols*, 24 Kas. 242.)

III. It is assigned as error that there was no proof offered that the railroad was not fenced at the place where the cow went upon the track. The petition charges and the evidence shows that at the place where the cow was killed the road was not fenced, and yet that it could have been. (*Railway Co. v. Wood*, 24 Kas. 626.) This was sufficient.

IV. It is assigned as further error that the railroad ran through inclosed premises where the cow was killed, and as the owner of the cow was not the owner of the premises, no liability attached to the railway company, and the case of *Berry v. Railway Co.*, 65 Mo. 172, is cited as decisive. In that case it was held, in interpreting a statute requiring every

railroad corporation to erect and maintain good and substantial fences on the sides of its road where it passed through inclosed and cultivated fields, that the duty is imposed by the statute upon the railroad company for the benefit of adjoining proprietors, and not for the benefit of strangers. But giving this decision full force, it has no application here, as the plaintiff below testified that he rented the privilege of keeping his cow in the field where it was killed; therefore he was entitled to the same rights as the adjoining proprietor, because his stock was upon the premises with the permission of the proprietor. Even if our statute were identical with the Missouri statute, and subject to the interpretation given to that statute by the supreme court of the state of Missouri, the cow of plaintiff below being in the inclosed field with the permission of the owner, and therefore being within the field of right, was clearly within the protection of the statute.

V. It is also asserted that the execution of a written release was set forth in the answer, and as this was not denied under oath, that it was error to render judgment against the railway company. The allegations about the written instrument are very informal. No motion was made for judgment upon the pleadings; no objection was made to the introduction of evidence upon the ground that the company was entitled to judgment upon the pleadings, and it does not appear that this particular point was presented upon the trial. No written release or instrument was attached to the answer, and the case was tried as though no written release had ever been executed. Under this condition of the case, this court will limit its inquiry as respects the pleadings to the objections made on the trial. Had the defendant below objected to the introduction of evidence for want of verification of the reply, the court below in furtherance of justice would undoubtedly have permitted such verification the moment its attention was called thereto. ( *Gaylord v. Stebbins*, 4 Kas. 42; *Bashor v. Co.*, 25 Kas. 222.)

VI. Complaint is made that the fee allowed to the attorney for the prosecution of the action was excessive. The

cow was valued by the trial court at $80, and an attorney's fee of $50 was allowed for prosecuting the claim. We think the allowance exorbitant; but as two witnesses testified positively that said sum was a reasonable fee in the case, and as the defendant below did not contest upon the trial this evidence by other and different testimony, we do not feel like interfering with the allowance.

The judgment of the district court will be affirmed.

All the Justices concurring.