Christie v. Barnes.

---

THOMAS S. CHRISTIE AND ISAAC DEGRAFF, *Copartners as Christie & DeGraff*, v. CHARLES R. BARNES.

DEMURRER *to Evidence.* A demurrer to evidence admits every fact and conclusion which the evidence most favorable to the other party tends to prove; and *held*, under this rule the demurrer in the present case should have been overruled.

*Error from Clay District Court.*

REPLEVIN, brought by *Christie & DeGraff* against *Barnes.* Judgment for defendant, at the January Term, 1884. Plaintiffs bring the case here. The opinion states the facts.

*Harkness & Godard,* for plaintiffs in error.

*C. M. Anthony,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Thomas S. Christie and Isaac DeGraff, copartners under the firm-name of Christie and DeGraff, against Charles R. Barnes, for the recovery of a steam engine. The action was tried before the court and a jury, and when the plaintiffs had introduced their evidence and rested, the defendant demurred to the evidence upon the ground that it did "not prove the cause of action set forth in the petition." The court sustained the demurrer, to which ruling the plaintiffs excepted; and, as plaintiffs in error, they now bring the case to this court for review.

The only question now involved in the case is, whether suf-

ficient evidence was introduced on the trial, from which the jury might have found, in favor of the plaintiffs, all the facts necessary to enable them to recover. On a demurrer to evidence the court cannot weigh conflicting evidence, but can consider only that portion of the evidence which tends to prove the case of the party resisting the demurrer. Indeed, a demurrer to evidence admits every fact and every conclusion which the evidence most favorable to the other party tends to prove. (*Bequillard v. Bartlett,* 19 Kas. 382; *Brown v. A. T. & S. F. Rld. Co.* 31 id. 1; *Wolf v. Washer,* 32 id. 533; *Franks v. The State,* 1 G. Greene, 541; *Stanchfield v. Palmer,* 4 id. 23; *Jones v. Ireland,* 4 Iowa, 63; *Coates v. Rld. Co.,* 18 id. 277; *Reed v. Evans,* 17 Ohio, 128, 131; *Sawyer v. Nichols,* 40 Me. 212, 216.)

This really disposes of the case so far as this court is concerned, for from the evidence introduced the jury might have found every essential fact in favor of the plaintiffs. The facts, stated very briefly, are substantially as follows: The plaintiffs' assignor, F. D. Cummer, sold to the defendant a steam engine, upon certain conditions, afterward to be performed by the parties, the property to belong to the plaintiffs' assignor until all the conditions to be performed by the defendant were in fact performed. Some of such conditions were never performed, and the plaintiffs claim, and we think proved on the trial, *prima facie,* that they were not performed because of the fault of the defendant. The defendant, however, claims that the conditions were not performed, because of the fault of the plaintiffs and their assignor. We think it is now useless to discuss the evidence, or the facts of the case, for at present we know nothing about the defendant's evidence, and nothing about the facts of the case, except as the evidence of the plaintiffs tends to show them. The facts of the case now seem to show a cause of action in favor of the plaintiffs; but when the defendant introduces his evidence the facts may appear to be very different.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.