## The Kansas City, Fort Scott & Gulf Railroad Company v. Charles Foster.

**Demurrer to Evidence,** *Rightfully Overruled, and Verdict Sustained.*
Where a plaintiff introduces evidence sufficient to prove all the material facts of his case *prima facie*, some of which facts, however, are proved only by circumstantial evidence, and also introduces the direct testimony of one witness contradicting some of the facts proved by this circumstantial evidence, and no other evidence is introduced in the case, the court may rightfully overrule a demurrer to the evidence, and may also rightfully sustain a verdict found by the jury in favor of the plaintiff upon the evidence.

*Error from Linn District Court.*

THE opinion states the case.   Judgment for the plaintiff *Foster*, at the November term, 1886.   The defendant *Railroad Company* brings the case here.

*Wallace Pratt*, and *Chas. W. Blair*, for plaintiff in error.

*W. R. Biddle*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced in the district court of Linn county, by Charles Foster against the Kansas City, Fort Scott & Gulf Railroad Company, under the railroad stock law of 1874, (Comp. Laws of 1885, ch. 84, §§ 29–34,) to recover for the killing by the railroad company of three mares belonging to the plaintiff.   The case was tried before the court and a jury, and after the plaintiff had introduced all his evidence and rested, the defendant demurred to the evidence upon the ground that it did not prove any cause of action, and the court overruled the demurrer.   No further evidence being introduced, the court charged the jury, and the jury found a verdict in favor of the plaintiff and against the defendant for $275, the value of the animals killed, and $62.50 as attorney's fees.   The defendant then moved the court for a new trial upon various grounds, which motion was overruled, and the court then rendered judgment in favor of the plaintiff and against the defendant, in accordance with the verdict of the jury; and to reverse this judgment, the defendant, as plaintiff in error, brings the case to this court.

The only ground upon which it is sought in this court to have the judgment of the court below reversed is, that the evidence introduced on the trial does not prove any cause of action, and that the verdict of the jury and the judgment of the trial court are not sustained by sufficient evidence.   It is admitted that the plaintiff's animals were killed by the railroad company, but it is claimed by it that the killing was done without negligence, and at a place where its road crosses a

public highway, and where it is not required to inclose its road with a fence, or with any other kind of inclosure. For the purposes of this case we may assume that the killing was done without negligence, and that the crossing mentioned was the crossing of a public highway; but the evidence tends to prove other facts, which, if true, would render the railroad company liable. Much of the evidence tends to prove that . the animals were not killed on this crossing, but were killed a short distance south thereof. The engineer who had charge of the engine that struck the animals and caused their death, testified that the animals were first struck upon the crossing, but all the other evidence tended to show otherwise. No one except the engineer saw the animals when they were struck by the engine, but within a few minutes afterward, and while the animals were still warm, others saw them, and they were all south of the crossing and their heads to the south, and the animal nearest the crossing was 15 steps therefrom, and the next nearest was 31 steps therefrom, and the one furthest away was 42 steps therefrom; and no blood or hair, or anything else was at any time seen that would indicate that the engine struck any one of the animals at any point nearer than 30 feet from the crossing. It seems to be admitted by the railroad company that, if the animals were for the first time struck by the engine at any point outside of and south of the crossing, the railroad company would be liable; and it would seem to us that there was ample evidence to prove this except for the evidence of the engineer, ( *K. C. L. & S. Rld. Co. v. Neville,* 25 Kas. 632,) and evidently the court and the jury considered the evidence tending to show that the killing was done south of the crossing as of greater weight than the evidence of the engineer that the killing was done on the crossing. The killing was done about nine o'clock at night. With respect to demurrers to evidence, we would cite the following cases:

In the case of *Christie v. Barnes,* 33 Kas. 317, it was held as follows:

"A demurrer to evidence admits every fact and conclusion

which the evidence most favorable to the other party tends to prove."

In the case of *Wolf v. Washer*, 32 Kas. 533, it was held as follows:

"Upon a demurrer to evidence, the court cannot weigh conflicting evidence, but must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer."

In the case of *Brown v. A. T. & S. F. Rld. Co.*, 31 Kas. 1, it was held as follows:

"Where the defendant in a case which is being tried by a jury, files a demurrer to the plaintiff's evidence, on the ground that the evidence does not prove any cause of action, *held*, that unless the plaintiff has utterly failed by all his evidence to prove his case, or some material fact in issue in the case, the demurrer should be overruled."

See also the following cases: *K. P. Rly. Co. v. Couse*, 17 Kas. 571; *Merket v. Smith*, 33 id. 66. With respect to verdicts of juries, this court in the case of *K. P. Rly. Co. v. Brady*, 17 Kas. 380, 382, used the following language:

"This court reverses judgments for insufficiency in the evidence only where the evidence most favorable to the findings made in the court below fails to prove *prima facie* some material fact necessary to be found in the case in order to uphold such findings, or where such *prima facie* proof has been rebutted and overcome by that kind of evidence which of itself is conclusive, and whose weight and value belong to the court to consider, such as written instruments, documents, and record evidence." (See also the cases there cited.)

It has also been held by this court in the case of *Osborne v. Ehrhard*, 37 Kas. 414, as follows:

"The fact that the verdict of the jury is against the weight of the testimony, which is conflicting, will not authorize the supreme court to set the verdict aside, or to reverse the judgment rendered thereon."

Also, see the following cases: *Bridge Co. v. Murphy*, 13 Kas. 35, 40; *Johnson v. Leggett*, 28 id. 590; *Armel v. Layton*, 29 id. 576; *U. P. Rly. Co. v. Diehl*, 33 id. 422, 426; *Sulli-*

*van v. Phenix Insurance Co.*, 34 id. 171; *Ingraham v. Morris*, 35 id. 290; *Higginbotham v. Fair*, 36 id. 742; *Service v. Watson*, 37 id. 750; *Harrington v. Stone*, ante, p. 176.

The engine that struck the animals in the present case was moving southwardly. The animals when found were all south of the crossing, as before stated, and their heads were toward the south. There was also a side switch about sixty yards south of the crossing, and one of the witnesses who testified on the trial stated that he heard the engine strike the animals and also strike the switch, and that the two sounds were almost simultaneous. He did not see this, for although he was near by at the time, he was in his house, and it was dark, being about nine o'clock at night, about the last of January, 1885.

We cannot say that the court below erred in any of its rulings. Where a plaintiff introduces evidence sufficient to prove all the material facts of his case *prima facie*, some of which facts however are proved only by circumstantial evidence, and also introduces the direct testimony of one witness contradicting some of the facts proved by this circumstantial evidence, and no other evidence is introduced in the case, the court may rightfully overrule a demurrer to the evidence, and may also rightfully sustain a verdict found by the jury in favor of the plaintiff upon the evidence.

*Demurrer to evidence, rightfully overruled, and verdict sustained.*

The judgment of the court below will be affirmed.

All the Justices concurring.