HENRY STEPHENS v. ISAIAH SCOTT *et al.*

1. DEMURRER *to Evidence—Error Cured.* A demurrer to evidence admits every fact and conclusion which the evidence most favorable to the other party tends to prove, but where the court erroneously overrules such a demurrer, and afterward the defect in the evidence is supplied by other evidence, introduced by either party, the error is cured.

2. REAL-ESTATE AGENTS — *Commission Earned.* Where a firm of real-estate agents, whose business it is to purchase and sell lands for others, writes and sends a letter to a land-owner, and in the letter incloses its business card, and gives him to understand what the business of the firm is, and also in the letter makes inquiry with reference to whether the land is in market, and its price; and the owner of the land immediately answers by letter giving the price of the land, the terms and conditions upon which it may be sold and the amount of commission or compensation which he is willing to allow to the real-estate agents for selling it, and the real-estate agents immediately commence to act as the agents of the land-owner in trying to procure a purchaser of the land, *held,* that they are his agents, and when they find a person able, ready and willing to purchase the land upon the terms and conditions prescribed by the land-owner, and they sell the land to such person, they have earned their commission.

*Error from Harvey District Court.*

THE facts are stated in the opinion. Judgment for plaintiffs, *Scott & Hively,* at the May term, 1887. The defendant *Stephens* brings the case to this court.

*Keller & Dean,* for plaintiff in error.

*D. A. Holliday,* for defendants in error.

The opinion of the court was delivered by

· VALENTINE, J.: This was an action brought before a justice of the peace of Harvey county by Isaiah Scott and D. F. Hively, partners as Scott & Hively, against Henry Stephens, to recover of the defendant the sum of $105.62 and interest, for an alleged commission due the plaintiffs as agents of the defendant in procuring a purchaser of a tract of land belonging to the defendant. After judgment in the justice's court the case was appealed to the district court, where the case was again tried before the court and a jury, and the jury rendered a general verdict in favor of the plaintiffs and against the defendant for $120.25, for which amount, together with costs, the court rendered judgment in favor of the plaintiffs and against the defendant; and the defendant, as plaintiff in error, brings the case to this court.

The plaintiff in error presents only two questions to this court for consideration: First, he claims that "the demurrer to the evidence should have been sustained for the reason that Scott & Hively, plaintiffs below, wholly failed to establish their agency." The demurrer was overruled. Second, he claims that the court below erred in giving the fifth instruction to the jury.

With reference to the first claim of error, we would state that it has already been held by this court that "a demurrer to evidence admits every fact and conclusion which the evidence most favorable to the other party tends to prove." (*Christie v. Barnes*, 33 Kas. 317.) See also the decision and cases cited in the case of *K. C. Ft. S. & G. Rld. Co. v. Foster*, 39 Kas. 329, 331, *et seq.* This court has also held as follows:

"Where a demurrer to plaintiff's evidence is overruled when, on account of some omission in the testimony, it should have been sustained, and thereupon defendant proceeds to offer testimony, and in doing so, supplies the omission, *held*, that the error in the ruling on the demurrer is corrected; and if upon all the testimony in the case the judgment was properly rendered, it will be upheld." (*A. & N. Rld.*

*Co. v. Reecher*, 24 Kas. 228; *Goddard v. Donaha*, 42 id. 754; 22 Pac. Rep. 708.)

In our opinion, where a court erroneously overrules a demurrer to evidence, and afterward the defect in the evidence is supplied by other evidence, introduced by either party, the error is cured. Upon the whole of the evidence introduced in this case we cannot say that no cause of action was proved in favor of the plaintiffs below and against the defendant below. But this question will be further discussed in discussing the next claim of error.

1. Demurrer to evidence.

Upon the second alleged error it will be necessary to insert some of the instructions given by the court below to the jury. The instructions from the third to the seventh, inclusive, read as follows:

"3. The jury are instructed that an owner of land wishing to sell it, and placing it in the hands of an agent for sale at a specified price, has the right, in his discretion, to revoke the agent's authority to sell altogether, or to change the price or terms, or both, at any time before such agent has found and produces a buyer ready and able to make a purchase at the price and on the terms fixed by the owner.

"4. The court further instructs the jury that in general, an agency when once established is presumed to continue until it is shown to have been revoked; but when, after authority to sell a tract of land has been given to an agent, such a period of time elapses without any further communication between the principal and agent as that the value of the land has materially changed, or where other conditions have so changed in the meantime that it would be unreasonable to suppose that the principal and owner intended the agency to be a continuing one, in that case the jury would have the right to infer the revocation of the agent's authority, and in such a case an agent could neither bind his principal by a sale nor recover compensation for finding a purchaser.

"5. The jury are instructed that in this case if plaintiffs read the letter of authority to Guiot, which was read in evidence to the jury, and if Guiot had the means and stood ready to purchase the defendant's land at the price and on the terms named in the letter, whether anything was said about interest or deferred payments or not, and if the defendant received notice of these facts, plaintiffs would be entitled to recover,

unless you further find from the evidence that defendant either directly revoked or modified the authority of plaintiffs before they had come to an agreement of sale with Guiot, or that by lapse of time and change of conditions the plaintiffs ought to have reasonably deemed the price fixed in 1884 was withdrawn.

"6. In either of the last-named cases the plaintiffs could not recover.

"7. The jury are further instructed, that if you believe from the evidence that the letter of authority that has been read in evidence was written by the defendant in answer to a letter from plaintiffs, in which they stated to the defendant that they had a cash buyer for his land, and asking the price at which they would be allowed to sell the land to this buyer, in that case the answer of defendant would not confer a general and continuing authority upon plaintiffs to sell the land, but such authority would only continue for a reasonable length of time; and for the particular occasion to which plaintiffs had reference, such an agency would not be presumed to continue into the following year."

The letter from the defendant to the plaintiffs, referred to in the foregoing instructions, reads as follows:

"PEABODY, KAS., Nov. 5, '84.— Scott & Hively — Dear Sirs: Yours of the 4th inst. at hand, in regard the $251\frac{94}{100}$ acres of land in sec. 31–24–2. There is a mortgage on the same of $700, due four years from last August the first, at seven per cent. interest, payable semi-annually to the Kansas Loan & Trust Co. They have offered to release for me on payment at any time —

| | | |
|---|---|---|
| At $8.50 would be........................................... | $2,131 | 50 |
| If party will assume principal and interest fron Aug. 1st to date ................................................. | 712 | 50 |
| Leave..................................................... | $1,419 | 00 |
| Will take on this basis................................... | 1,400 | 00 |
| Or........................................................ | 1,400 | 00 |
| | 712 | 50 |
| Or release mortgage...................................... | $2,112 | 50 |

"Will allow you 5 per cent. on amount, $2,112.50. I believe that my terms was one-third cash, balance four years.
                    Yours truly,      HENRY STEPHENS.
"Will make no greater reduction for cash than if party assumes the mortgage of $700."

It appears from the evidence that on November 4, 1884,

and prior thereto, the plaintiffs were real-estate agents doing business at Newton, in Harvey county, and in that vicinity. About that time some person made inquiry of them concerning the land about which the present controversy has arisen, and on that day they wrote a letter to the defendant below, who was the owner of the land, making inquiry with reference to whether the land was in market, and its price; and giving him to understand that they were in the real-estate business, and in the letter sent to him their business card showing the nature and character of their business. On the next day, November 5, 1884, he answered their letter, sending to them the letter above quoted; and from that time on they considered themselves as employed by the defendant as his agents to sell his land for him, and they acted as such, tried to procure a purchaser,·and for that purpose, and from time to time, showed the land to several different persons. After this time, and in April, 1885, the defendant sent a postal card to the plaintiffs giving a list of his lands and the prices, and in July, 1885, the parties met and had a conversation about the matter. The defendant testified that in the postal card he stated that he would raise the price of the land to $10 per acre, but the plaintiffs testified that no such statement was ever .made to them in any manner. In August, 1885, the plaintiffs sold the land to Henry Guiot. Before selling, however, they showed him the aforesaid letter, and read it to him, and sold the land to him according to the terms and conditions therein stated. They immediately wrote to the defendant, stating to him that they had sold his land, and he at once went to Newton with reference to the matter. When he arrived there he did not, according to the testimony of the plaintiffs, question their authority to sell the land as they sold it, but all that he said was that he wanted a little more money. Indeed, he seemed to recognize their authority to sell the land as they did sell it. The defendant and one of the plaintiffs then went to see Mr. Guiot, and Mr. Guiot was able, ready and willing to take the land upon the terms and conditions mentioned in the letter; but the defendant wanted more money, and they parted,

19—43 KAS.

and the defendant went home to Peabody; and on the next day, September 3, 1885, he wrote to the plaintiffs that he had sold the land to other parties at $10 per acre. This ended the transaction, and soon thereafter the plaintiffs commenced this action. As the jury found in favor of the plaintiffs and against the defendant, we must now decide the case upon the theory that the evidence in their favor is true. The defendant, as plaintiff in error, now objects to the fifth instruction given by the court to the jury, and in his brief states his objection as follows:

"This was only an indirect way of telling the jury that the agency of plaintiffs below had been proven. The court tells the jury that they must find for the plaintiffs unless they find that their authority had been revoked or modified either directly by the defendant, or by lapse of time or change of conditions. In other words, the court tells the jury that plaintiffs were the agents of the defendant at one time, and that the agency was of a continuing character, and was still alive in September, 1885, when the letter was read to Guiot, unless it had been revoked or modified."

In the light of the evidence and the other instructions, we do not think that this instruction was erroneous. See especially the seventh instruction. When the defendant's letter of November 5, 1884, was received by the plaintiffs, and when they proceeded to act under it, they undoubtedly then became the agents of the defendant for the sale of his land. The first proposition with regard to the land came from the plaintiffs to the defendant. They in effect, though not in express words, proposed to the defendant to become his agents to sell his land, and he in effect accepted their proposition and appointed them his agents for that purpose, fixing the terms upon which the land might be sold, the price at which it might be sold, and the amount of their commission or compensation. The original proposition came from them to him, and not from him to them, and he accepted their proposition, appointed them his agents, and did not ask for any letter of acceptance in return, nor for any letter at all, nor for any acceptance at all. An acceptance from them to him would have been some-

thing like an acceptance of an acceptance. These transactions, taking only the undisputed facts, we think constituted the plaintiffs the agents of the defendant without anything further being done on their part than merely to proceed to act as his agents; and they were afterward recognized as his agents by him; and this agency would of course continue unless revoked or modified by direct action on the part of one or the other of the parties, or by a change of circumstances effecting a revocation or modification of the agency. All the disputed questions of fact we think were fairly submitted by the court to the jury upon the evidence, and they found in favor of the plaintiffs and against the defendant, and their verdict after being approved by the trial court is final, and must end the controversy. The plaintiffs do not claim that the defendant's letter, without reference to any of the other facts, would constitute an agency, but they do claim that the letter, together with the other facts, does constitute an agency. The defendant, however, answers that even if the letter, together with the other facts, should constitute an agency, still that such agency was a special and limited one, only for a particular purpose and occasion, giving to the plaintiffs authority to sell the property only to a particular individual, not Guiot, and that such agency was not exercised by the plaintiffs when they sold the property to Guiot; and indeed the defendant claims that such agency had expired, and had ceased to exist long before the sale was made by the plaintiffs to Guiot. This theory of the case, however, was fairly submitted by the trial court to the jury by its seventh instruction, and the jury found against the defendant.

2. Real-estate agents—commission earned.

We cannot say that any material error was committed in this case, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.