THE KANSAS CITY, FORT SCOTT & GULF RAILROAD
COMPANY v. JESSE W. CRAVENS *et al.*

DEMURRER, *When to be Overruled.* A demurrer to the evidence of the
plaintiff admits every fact most favorable to him which the evidence
tends to prove; and in its consideration the court is not called upon
or authorized to weigh the evidence; and if there is any evidence
tending to establish the issues made by the pleadings, such demurrer
should be overruled.

*Error from Miami District Court.*

THE case is stated in the opinion.

*Wallace Pratt,* and *Chas. W. Blair,* for plaintiff in error.
*W. H. Browne,* for defendants in error.

Opinion by SIMPSON, C.: This case was tried in the Miami
county district court, on the 1st day of July, 1887, and the
plaintiff below obtained a judgment for $125. The action
was brought to recover the value of a certain bay mare, al-
leged to have been killed by the negligence of the railroad
company. The company brings the case here for review.
At the conclusion of the plaintiff's evidence the railroad com-
pany interposed a demurrer thereto, on the ground that the
same failed to establish a cause of action. Two propositions
are contended for by the counsel for plaintiff in error, and
the first is, substantially, that no negligence was shown by
not sounding the whistle; and, secondly, it was not shown
that the presence of the mare on the track was seen in time
to stop the train and avoid the damage. These are questions
of fact, but presented in such shape that we are compelled to
see whether there is some evidence tending to show negligence
on the part of the railroad company. The mare was killed on
the crossing of a public highway over the track of the rail-
road. It is fairly established by the evidence that the train
was behind time, and running faster than usual; it was going
at the rate of eighteen or twenty miles per hour. The rate

of speed of the train was such that when it struck the mare it knocked and dragged her one hundred and fifty feet. It was growing dark when the mare was struck, it being about 8:15 o'clock in the evening of May 22, 1886. There was the usual whistling-post at the statutory distance from the crossing at which the mare was struck. Most of the witnesses for the plaintiff below at the trial swore that the train whistled at the post; two swore that it whistled but once. Conceding that the evidence of the others could be construed to mean three times, might it not be fairly said, from the evidence of the two, that there was but one whistle at the station? We must view this in the same light as the jury would. There is some evidence of negligence, then, at the whistling-post. A demurrer to the evidence admits every fact most favorable to the other side which the evidence tends to prove. (*Christie v. Barnes*, 33 Kas. 317.) In considering a demurrer to evidence, the court cannot weigh evidence. (*Merket v. Smith*, 33 Kas. 66; *Wolf v. Washer*, 32 id. 533.) Applying the rules announced in these two cases to the contention of counsel for plaintiff in error, and admitting that the five witnesses, Walker, Turner, Bowman, Elden Walker, and Morris, testified that the train whistled three times at the whistling-post, while the record shows that Brown and Cravens say that they heard it whistle only once, and the negligence relied on is not whistling at the post, as in the case of the *Mo. Pac. Rly. Co. v. Stevens*, 35 Kas. 622, it seems that there is such a state of the evidence that we would have to weigh the testimony of these five witnesses against the two, and to determine from their localities and the degree of attention paid by each to the approaching train, in order to decide which statement should govern. This we are not required to do.

The next inquiry is: Does the plaintiff's evidence show the want of ordinary care on the part of the railroad company to avoid the killing of the mare after she was seen on or near the track? It seems clear from the evidence of Walker, who testified for the plaintiff, that the train was not whistling or ringing the bell as it approached the animal, and the rea-

sonable inference from this is, that the train-men did not see the animal as they approached it. Then it would be a matter very largely of inference whether or not by the exercise of ordinary care they could have seen the mare if they had been keeping a good lookout ahead. Again, their rate of speed was such that it might have prevented a close inspection of the track ahead, as well as to have prevented the stopping in time. All these things we think were matters for the jury, and we are not clear but that the demurrer ought to have been overruled. At least there is not that entire lack of evidence about ordinary care, that would compel us to say that the demurrer to the evidence of the plaintiff ought to have been sustained, and that it was error in the trial court to overrule it. Of course it could not be expected that we should attempt to reconcile the conflicting statements of the witnesses after the demurrer to the evidence had been overruled, and the railroad company had produced its evidence. The jury concluded that there was not displayed by the railroad company that ordinary degree of care required in the operation of the road. They may have founded their opinion on the extra speed of the train, taken in connection with the most favorable aspects as presented by those who testified on behalf of the plaintiff below. So far as the question of contributory negligence on the part of the plaintiff below is concerned, by permitting the mare to run at large with no one in charge, and no precaution taken, we think the case of *Mo. Pac. Rly. Co. v. Wilson*, 28 Kas. 637, is decisive.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.