## G. W. ROGERS v. R. W. HODGSON *et al.*

1. PLEADINGS—*Amendment—Discretion of Court.* The filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed.

2. DEMURRER *to Evidence—When Overruled.* In case of a demurrer to plaintiff's evidence, the court cannot weigh conflicting testimony, but must view that which is given in the light most favorable to the

plaintiff, and allow all reasonable inferences in his favor, and, unless · all that is offered fails to establish his case or some material fact in issue in the case, the demurrer should be overruled.

3. EVIDENCE — *Sufficiency.* The evidence in the case examined, and *held* to be sufficient as against an attack made by a demurrer.

*Error from Harvey District Court.*

THE opinion states the facts. Judgment for defendants *Hodgson* and three others, January 23, 1889. The plaintiff, *Rogers*, brings the case here.

*Brown & Kline*, for plaintiff in error.

*Bowman & Bucher*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On May 12, 1888, G. W. Rogers brought an action against R. W. Hodgson, M. S. Hodgson, Cynthia A. Shafer, and H. Shafer, to recover upon a note and to foreclose a mortgage which was given to secure the same. The note was for $2,500, and was executed on May 1, 1886, by Hodgson and wife to Smedley Darlington, due in five years, with 7 per cent. interest, payable semi-annually, according to the terms of 10 semi-annual coupons of $87.50 each, attached to the note, due on the first days of May and November of each year. He alleged that Smedley Darlington sold and assigned the note and mortgage to the plaintiff, who is now the owner and holder of the same. It is further averred that the mortgage given to secure the payment of the note provided that, if any coupon remained due and unpaid more than 30 days after it became due, the whole debt should then become due, and bear 12 per cent. interest from date. The plaintiff further says, that the interest coupons maturing November 1, 1886, and May 1, 1887, were paid; but that the coupon maturing November 1, 1887, was not paid at the time the same became due, nor for more than 30 days thereafter, and was still due and unpaid; and that the interest coupon maturing May 1, 1888, was past due, and unpaid. There is a further allegation that the conditions of the mortgage were broken by

the failure to pay the taxes on the premises and to keep the property insured. On account of these defaults, the plaintiff alleges that he has elected to exercise his option to declare the whole sum due and payable, according to the terms of the note and mortgage. He asks for a personal judgment against the defendants Hodgson and wife for the sum of $2,500, with interest thereon at the rate of 12 per cent. per annum from May 1, 1886, less the two interest coupons which have been paid, as above stated; and also for a decree foreclosing the mortgage.

The defendants filed a joint answer, admitting the execution of the note and mortgage; denying the assignment of the same by Darlington to the plaintiff; alleging that the coupon due November 1, 1887, was paid to Darlington before the pretended assignment, and alleging an offer to pay the coupon of May 1, 1888, within thirty days after the same became due, at the place where it was made payable, and that within the same time they offered to pay the last-named coupon to plaintiff, but that it was refused; alleging that the agent of Darlington who negotiated the loan agreed that no insurance need be taken out on the premises, and waived that condition of the mortgage; and that W. E. Brown, who purchased the premises from Hodgson on April 23, 1887, assumed the payment of the mortgage note and coupons mentioned, but that afterward he combined with the defendant J. T. Axtell and one A. B. Gilbert to injure and defraud the defendant, and in pursuance thereof they obtained possession of the note and mortgage from Darlington upon the pretense of the payment of the same by said Brown, and that they did not in any sense obtain an assignment from Darlington to Rogers; that subsequently W. E. Brown entered into an agreement to re-convey the premises to Hodgson free and clear of 'all incumbrances, except that Hodgson was to pay the note and the balance of the unmatured coupons as they became due, but with the distinct agreement that no forfeiture of any of the terms and conditions of the note and mortgage had occurred. It is further alleged that no part of the note is due, nor are any of

the coupons due except the one maturing May 1, 1888, and that payment of that had been tendered.

On December 21, 1888, the plaintiff asked leave to file a supplemental petition, alleging in substance that since the commencement of this action the defendant had allowed the interest coupon due May 1, 1888, to remain unpaid for more than 30 days after its maturity, and had failed to pay the taxes which were due December 20, 1888, and had allowed the interest coupon due November 1, 1888, to remain unpaid for more than 30 days after its maturity, and had still allowed the buildings on the premises to remain uninsured; and that for these reasons, in addition to those set up in the original petition, the whole amount of the debt had become due. The court denied the application to file the supplemental petition, and upon the trial which was afterward had a demurrer was sustained by the court to the plaintiff's evidence. The plaintiff excepted to the rulings of the court in denying the application to file the supplemental petition and in sustaining the demurrer to the plaintiff's evidence.

By the supplemental petition offered, the plaintiff undertook to allege such defaults as would entitle him to recover 12 per cent. interest from the date of the mortgage, instead of the 7 per-cent. rate stipulated therein. By the conditions of the mortgage, a default in the payment of any interest for more than 30 days after the same became due gave the holder the option to declare the whole amount due, and to collect interest thereon at 12 per cent. from the date of the note. In the petition filed he alleged a default in the payment of the interest due November 1, 1887, and that the same was still due and unpaid when the action was brought, on May 12, 1888. He also alleged that the coupon due on May 1, 1888, was past due and still unpaid. More than six months after the commencement of the suit, and just before the trial, he asked to file a supplemental petition, alleging the non-payment of the coupons due on May and November, 1888, for more than 30 days after the maturity of the same, and the continued

Rogers v. Hodgson.

failure to procure insurance, as well as the non-payment of the taxes for the year 1888. These amendatory provisions related only to the right of the plaintiff to declare the whole amount due, and to collect the additional rate of interest on the note and mortgage.

If there had been no default before the commencement of the action, the plaintiff would hardly be entitled to enlarge his action by a supplemental petition setting forth subsequent defaults or grounds of forfeiture which did not exist at the commencement of the suit; but if a part of the amount claimed in the petition was due and unpaid at the commencement of the action, it would seem that the plaintiff would be entitled to set up any facts occurring since the commencement of the action showing that a greater or that the entire amount was due and unpaid. The code provides that "either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply." (§ 144.) The action was brought on May 12, 1888, and the coupon which was due 12 days prior to that time had remained unpaid for more than 30 days after its maturity, which, by the terms of the mortgage, gave the plaintiff the option to elect to declare the whole amount due. The supplemental petition offered also alleged that the taxes which were due December 20, 1888, were unpaid; and that also constituted a ground of forfeiture, and a cause for declaring the whole amount due. As the plaintiff was claiming a personal judgment for the entire principal and all the interest due thereon, as well as the additional rate where there was a default of more than 30 days, the court would have been warranted in allowing the supplemental petition to be filed alleging additional defaults which would entitle the plaintiff to recover a greater amount. How-

1. Pleadings— amendment— discretion of court. ever, the filing of amendatory and supplemental pleadings rests very largely in the discretion of the court, and unless there is a clear abuse of discretion, its ruling will not be reversed. (*Tefft v. Firey*, 22

Kas. 753.)   We cannot hold that the refusal of the court is
such an abuse of discretion as constitutes a ground of reversal.

The next assignment is the ruling of the court in sus-
taining the defendants' demurrer to the plaintiff's evidence.
It is contended by the defendants in error, that the coupon
which became due on November 1, 1887, had been paid, and
that there was no default on account of the non-payment of
the taxes or the failure to insure the buildings on the prem-
ises.   The proof strongly tends to show, and we think would
be amply sufficient to sustain a verdict or finding, that at the
commencement of the action no defaults had occurred which
gave the plaintiff the right to elect to declare the whole
amount due.   It leads us to think that there was a payment
of the coupon due November 1, 1887, and that the taxes due
December 20, 1888, were paid by the party holding the legal
title to the premises at the time the taxes were due.   The
tax receipt and the coupon of November, 1887, were both
surrendered to the owner of the mortgaged premises prior to
the commencement of the action.   The testimony in regard
to the payment and surrender of this coupon, as well as the
payment of the taxes, is inconsistent with forfeiture.   Neither
does it appear that there was any forfeiture by reason of the
non-insurance of the property.   No provision is contained in
the mortgage note with reference to insurance, and the one
contained in the mortgage provides that the buildings will be
insured by the mortgagors at their own expense, with the loss
payable to the mortgagee; and instead of reciting that the fail-
ure to do so shall be a ground of forfeiture, it provides that
in the event of the failure of the mortgagors, the mortgagee
may procure such insurance and collect the cost thereof from
the mortgagors, and that the mortgage shall stand as secur-
ity for the insurance.   Besides, the testimony offered tends
strongly to show that the mortgagee and his agent did not
desire or demand insurance, and, if they had a right to de-
mand the same, that there had been a waiver of such right.
If the decision of the district court had been a finding at the
final submission of the case that no defaults had occurred

prior to May, 1888, we would readily yield our concurrence, and declare that the testimony offered fully warranted the finding; but it is not so clear that a demurrer to the evidence should have been sustained. "A demurrer to the evidence admits every fact and conclusion which the evidence most favorable to the other party tends to prove." (*Christie v. Barnes*, 33 Kas. 317.) In such a case, the court cannot weigh conflicting evidence, but must view that which is given in the light most favorable to the plaintiff, and unless all that is offered fails to establish his case or some material fact in issue in the case, the court should overrule the demurrer. (*Railroad Co. v. Foster*, 39 Kas. 329, and cases there cited.) We are inclined to the opinion that under these rules the demurrer should have been overruled. It certainly should as to the coupon note due May 1, 1888, that was past due when the action was commenced, and defendants admitted that it was still unpaid. In any event, plaintiff was entitled to a judgment for the amount of that coupon and the costs of the action. It is true, as contended, that the plaintiff claimed more than that, and that he claimed the amount of principal and interest at the advanced rate, but it appears that he set out the principal mortgage note in his petition and all the coupon notes that were unpaid, and he asked a personal judgment for the amount of the principal, together with all interest due thereon. The coupon note maturing May 1, 1888, was recited at length, and the plaintiff alleged that it was past due and was still unpaid. Even if the principal note was not due when the suit was begun, and no defaults had occurred which authorized the plaintiff to declare the whole amount due, still he was entitled to recover that which was due, and this was fairly included within the allegations of his petition.

There was some testimony relating to a tender of the amount of this coupon, but there was no offer to confess judgment, and the tender, if any was made, did not include the costs of the proceeding. Guided by the rules referred to in relation to a demurrer to the evidence, we cannot say that a sufficient ten-

*2. Demurrer to evidence — when overruled.*

der was made, or that the demurrer should have been sustained. The facts of the case as indicated by the record are such that we would have been pleased to have affirmed the judgment if

3. Evidence— sufficiency.

it could have been done under the rules of law, but we feel compelled to hold that the demurrer should have been overruled.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.