## N. F. NEIDERLANDER v. JOSEPH STARR.

REAL-ESTATE AGENT, *Entitled to Commission.* Where, under a contract with a landowner for a commission for the sale of land, the real-estate agent produces to the owner a person ready, willing and able to buy upon the terms proposed to him, and such landowner then informs his agent that "he has changed his mind and did n't want to trade or close the trade," and thereupon refuses to make any

trade or sale, the real-estate agent is entitled to recover from the landowner his commission, the same as if there had been an actual sale of the land to the person desiring to purchase the same.

### Motion for Rehearing.

THE facts sufficiently appear in *Neiderlander v. Starr*, supra, and in the opinion herein, filed at the session of the court in July, 1893.

*Edwin White Moore*, for the motion.

*Stanley & Hume*, contra.

The opinion of the court was delivered by

HORTON, C. J.: In the opinion handed down by STRANG, C., the judgment of the trial court was affirmed, upon the ground that the plaintiff failed to show that Jacob Dold, the party desiring to buy the farm of Starr, was ready at any time to comply with the terms of his contract. It was also remarked in the opinion that the plaintiff was not ready to close the trade, because he was not in possession of $2,000 to make the cash payment. The trial court sustained a demurrer to the plaintiff's evidence. Such a demurrer admits every fact and conclusion which the evidence most favorable to the opposing party tends to prove. (*Christie v. Barnes*, 33 Kas. 317; *Railroad Co. v. Foster*, 39 id. 329.) A reëxamination of the record shows that evidence was introduced tending to prove that Jacob Dold was not only willing and able to buy, but was ready to do so. George Dold, the son of Jacob, in his direct examination, testified positively that his father was able to buy the farm; that he authorized him to pay Starr the money in accordance with the terms of the contract, and that his father had sufficient money on deposit in a bank at Wichita, which George was authorized to use, to make the cash payment. In his cross-examination he seems to have been confused, and his evidence is indefinite and conflicting; but the court should have permitted the jury to pass upon the conflicting evidence. That is the province of the jury. (*Railroad Co. v. Foster*, supra.)

If Starr had ceased all further negotiations about making a trade or sale of his farm after he and his wife crossed out their names from the written contract, then plaintiff would have had no claim for commission; but Starr stated to plaintiff after this that "When the papers came around, we will come here and fix it up." The testimony shows that the plaintiff was engaged in the real-estate business, and that, before he saw Dold, Starr's farm was on his books for sale. It also appears that after Jacob Dold was ready, according to some of the evidence, to comply with the contract, Starr said "he did n't want to trade; that he did n't propose to close it."

Some exceptions are taken to the execution of the notes and mortgage by Jacob Dold, but Starr made no such objections as presented in this court, and it is apparent that the trial court did not dispose of the demurrer upon any such ground. The case of *Stewart v. Fowler*, 37 Kas. 677, is commented upon in *Betz v. Land & Loan Co.* 46 id. 45, and is limited to the facts of that case. If the plaintiff, under a contract with Starr to sell his land, produced to him a person ready, willing and able to buy, and Starr refused to make a sale upon the terms agreed upon by him with his agent, the plaintiff is entitled to his commission, having earned the same. If a real-estate agent fully performs his contract with a landowner, he cannot be prevented from recovering his commission because the owner subsequently changes his mind about making a sale or trade of. his property.

The evidence before the trial court was conflicting, and all that we decide in the case is, that the demurrer to the evidence should have been overruled. The facts should have gone to the jury for their consideration.

The judgment heretofore rendered in this court will be set aside, and the cause remanded, with direction to the district court to grant a new trial.

All the Justices concurring.