## D. L. FULLER v. T. M. TORSON.

### No. 471.

1. PRACTICE, DISTRICT COURT—*Demurrer to Evidence—Duty of Court.* "On a demurrer to evidence the court cannot weigh conflicting evidence, but can consider only that portion of the evidence which tends to prove the case of the party resisting the demurrer." (*Christie v. Barnes*, 33 Kan. 317, 6 Pac. 599.)

2. ——— *Replevin—Demand and Refusal.* "Where the defendant in a replevin action asserts title to the property in himself in opposition to that claimed by the plaintiff, or where he alleges such title in his answer, no proof of demand and refusal is necessary." (*Chapin v. Jenkins*, 50 Kan. 385, 31 Pac. 1084.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed March 20, 1899. Reversed.

*H. D. Dickson*, for plaintiff in error.

*Ed. S. Waterbury*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was commenced on March 17, 1894, by D. L. Fuller to recover the possession of certain personal property described in a chattel mortgage given by defendant Torson to John M. Campbell, and by the latter sold and delivered to the plaintiff, together with ten promissory notes of fifty dollars each, one of which matured November 1, 1893, and one each month thereafter. The property mortgaged was furniture and other articles used in connection with a restaurant and hotel located in the city of Emporia. The mortgage contained the following provisions:

"But if the said property be kept together and taken good care of, then it is understood that in case of unavoidable default in the payment of any note or interest the said John M. Campbell will not take pos-

session under the mortgage until the maturity of the note coming due July 1, 1894.   But in case of a sale or attempt to dispose of said property with (out) the consent of the said John M. Campbell, or the removal or the attempt to remove the same from the city of Emporia, or in case they are so used and kept as to materially depreciate their value, or in case the undersigned shall fail or refuse to keep the same insured for the benefit of. the said Campbell, then all the sums hereby secured shall be and become due and payable, and said John M. Campbell or his assigns shall become entitled to possession of the property and to dispose thereof at public or private sale, and out of the proceeds pay the sum due and expenses of collection.''

The petition alleged that the mortgaged property had not been kept together and had not had good care ; that a portion thereof had been disposed of without the consent of the original mortgagee or of the plaintiff; and that the property had been so used and kept as materially to depreciate its value.   The answer, besides a general denial, averred that the mortgaged property was exempt, the mortgagor being a married man, and part of the property being household goods, and another part implements for carrying on defendant's business, and that the mortgage was void because made without the joint consent of the defendant and his wife.   The answer prayed for a return of the property or $500 in lieu thereof, and also for $500 damages for the wrongful taking of the same by the plaintiff.   A jury was impaneled, and plaintiff presented his evidence. ˙ The defendant demurred to the evidence and the demurrer was sustained, and judgment entered in·favor of defendant for costs.

The evidence showed that no part of the indebtedness or of the interest thereon had been paid, and that the mortgaged property had not been kept together. It was proved that at one time portions of the prop-

erty were in three different buildings and also that defendants had leased the greater part of it to a third party to be used in a hotel. There was some conflict in the testimony, owing in a large measure to the fact that the plaintiff used the defendant as a witness. The defendant testified that until the action was commenced he supposed Campbell still owned the notes and mortgage, and that Campbell had consented to the removal of part of the property from the building described in the mortgage to another place in the city of Emporia. Campbell denied having given such consent. He also testified that, as agent for the plaintiff, he made a demand on the defendant for possession of the mortgaged property. The defendant admitted that a demand was made, but claimed that Fuller's name was not mentioned in connection with the demand. The evidence tended to prove that Campbell was the agent of Fuller in respect to the property.

The rule to be applied to the foregoing facts is thus stated in *Christie v. Barnes*, 33 Kan. 317, 6 Pac. 599 :

"The only question now involved in the case is, whether sufficient evidence was introduced on the trial from which the jury might have found in favor of the plaintiffs all the facts necessary to enable them to recover. On a demurrer to evidence the court cannot weight conflicting evidence, but can consider only that portion of the evidence which tends to prove the case of the party resisting the demurrer. Indeed, a demurrer to evidence admits every fact and every conclusion which the evidence most favorable to the other party tends to prove."

We think that, from the evidence, the jury might have found every essential fact in favor of the plaintiff.

It may be further observed that, under the pleadings, proof of demand was unnecessary, within the doctrine

declared in *Chapin v. Jenkins*, 50 Kan. 385, 31 Pac. 1084, where the first paragraph of the syllabus reads :

" Where the defendant in a replevin action asserts title to the property in himself in opposition to that claimed by the plaintiff, or where he alleges such title in his answer, no proof of demand and refusal is necessary." See also *Greenawalt v. Wilson*, 52 Kan. 109, 34 Pac. 403.

We think that the plaintiff's evidence should have gone to the jury and that the court erred in sustaining the demurrer. The judgment of the district court will be reversed and the cause remanded for a new trial.