The Missouri Can Company v. Blanche M. Ross,
*a Minor, etc.* ·

No. 14,287.    (83 Pac. 616.)

1. Practice, District Court—*Demurrer to Evidence.* The rule
applied that in considering a demurrer to plaintiff's evidence
the trial court should take into consideration only those facts
and those inferences of fact which are favorable to the plain-
tiff.

2. Master and Servant—*Injury to Employee.* In a personal-
injury case, where a servant was injured while operating de-
fendant's machinery, judgment for plaintiff affirmed.

Error from Wyandotte court of common pleas;
William G. Holt, judge. Opinion filed November 11,
1905. Affirmed.

*Warner, Dean, McLeod, Holden & Timmonds,* and
*McFadden & Morris,* for plaintiff in error.

*Keplinger & Trickett,* for defendant in error.

*Per Curiam:* In this case the principal contentions
are that a demurrer to plaintiff's evidence should have
been sustained, and that the court should have directed
a verdict for the defendant. In arguing these propo-
sitions the defendant does not do what the law re-
quires, viz., take into consideration only those facts
and those inferences of fact which are favorable to
the plaintiff. On the other hand, its own evidence is
frequently brought forward and urged as breaking
down the plaintiff's case, and in every instance in
which the plaintiff's testimony is susceptible of an ad-
verse interpretation it is given that turn, although
the jury would have been justified in taking a· different
view.

The only question in the case upon which it fairly
may be said there is a lack of evidence is that relating
to the slipping and tipping of the foot-rest, and the
slipping of plaintiff's foot upon it. But, under the

allegations of the petition, the evidence, and the instructions of the court, it was not necessary that the plaintiff should extend her evidence to this detail. The court by instruction No. 10 required her to prove an increase of hazard before she could recover, whether the accident happened through the insecurity of the foot-rest or not. Other instructions completed the statement of the law upon that subject and the facts fully warranted a recovery upon that ground. This being true, the matter of a movement of the foot-rest became as incidental as, for example, the fact that plaintiff leaned to the left.

One instruction to the jury (No. 7) is criticized in two particulars. It is said the court called the piece of metal placed in front of the pedal of the machine a foot-rest. The attorneys for the defendant so designated it in the course of the trial, and whether it was a die of the machine or not it was a foot-rest, as it was placed and used at the time of the accident.

The other objection to the instruction is stated thus:

"Yet more vicious is the portion of the instruction which allowed a recovery by plaintiff if the blade or die had been placed in front of the machine by a co-employee of the plaintiff without the knowledge or permission of the defendant."

But such was neither the purpose nor the effect of instruction No. 7. By its express terms it covered only one phase of the case, viz., the inference which the plaintiff was authorized to draw in reference to the use of the foot-rest. By instruction No. 10 the circumstances under which the defendant would become liable in case the plaintiff innocently and justifiably used the foot-rest were stated, and no complaint is made in reference to it.

The proposition of law quoted by the defendant from volume 1 of Labatt on Master and Servant, section 26, is sound, and the controlling principles of

the cases cited appear to be correct.   But they do not meet or cover the facts of this case.

No useful purpose would be subserved in analyzing the testimony.   The assignments of error are not well grounded, and the judgment of the court of common pleas is affirmed.