PATE S. JONES V. WIT ADAIR.

No. 15,165.   (91 Pac. 78.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Appurtenances Acquired by Contract Made in Agent's Name.* An agent of a proprietor of a hotel, who constructs a drain or sewer to be used in connection with the hotel for and at the expense of the proprietor, does not become the owner of the appurtenance merely because the contracts for the privilege of laying the sewer in the streets of the city and over the land of another were made in the name of the agent instead of his principal.

2. DEMURRER—*Evidence.* On a demurrer to plaintiff's evidence the court may not weigh conflicting testimony or disbelieve and disregard that offered in his behalf which tends to sustain his cause of action.

Error from Chase district court; J. HARVEY FRITH, judge *pro tem.* Opinion filed July 5, 1907. Reversed.

*G. M. Dameron,* and *Madden & Doolittle,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit by Pate S. Jones to enjoin Wit Adair from interfering with the use and enjoyment of a sewer that connects with a hotel which plaintiff claims to own. He alleged and offered proof to show that in 1890 Stephen F. Jones, who was an owner of a hotel in Strong City, desired to construct a sewer from the hotel to the Cottonwood river. To do so it was necessary to pass through the streets of Strong City and across the right of way of the Atchison, Topeka & Santa Fe Railway Company. Wit Adair, who was then an employee and agent of Stephen F. Jones, procured the consent of the city to lay a sewer along the streets, and contracted with the railway company for permission to lay it under the tracks of the railroad. Although these things were done for Stephen F. Jones, and in order that he might build his sewer,

the privileges were taken and the contracts made in the name of Adair instead of that of his employer. Stephen F. Jones furnished the money and built the sewer, and it was thereafter used in connection with the hotel.

In 1903 Stephen F. Jones conveyed the hotel and its appurtenances to the plaintiff, Pate S. Jones, and some time later Adair, claiming to own the sewer, threatened to disconnect it from the hotel; and hence the present suit was brought. When plaintiff's evidence was introduced the trial court sustained a demurrer to it, dissolved the temporary restraining order, and denied the permanent injunction sought by plaintiff.

The testimony fairly tended to sustain the plaintiff's claim of ownership in the sewer and a right to its use, and hence the ruling of the court cannot be upheld. It was shown without contradiction that the sewer, which was an appurtenance of the hotel, was built for the owner, and that the cost of construction was paid by him. It was done, it is true, under the direction of Adair, but the evidence is that in doing so he was acting as the agent of the hotel proprietor. He could not, while acting for his principal and investing his principal's money in an improvement of the hotel, very well acquire ownership of it. The mere fact that the contract made and the privilege obtained in behalf of his principal were in his own name did not devest the principal of his property, nor give the agent an ownership which he could assert against the principal or one holding under him. (*Butler v. Kaulback,* 8 Kan. 668.)

So far as the agent is concerned the contracts, although made in his own name, are in law the contracts of his principal, and it does not appear that the railway company or the city, with whom the contracts were made, are disputing the rights of the plaintiff under them. The agent may have been entitled to be reimbursed for expenses incurred in the transactions, but not to the ownership of the property acquired for his principal and paid for by his principal's money. The trial court may have discredited the testimony of the

plaintiff, but the testimony offered in his behalf could not be disbelieved and disregarded on a demurrer to the evidence. On that test every part of the testimony favorable to the plaintiff is deemed to be true, and every conclusion which it tends to prove is deemed to be admitted. (*Christie v. Barnes,* 33 Kan. 317, 6 Pac. 599; *Buoy v. Milling Co.,* 68 Kan. 436, 75 Pac. 466.)

The judgment is reversed and the cause remanded for further proceedings.