No. 20,517.

THE STATE OF KANSAS, ex rel. GEORGE MCGILL, as County Attorney, etc., *Appellant,* v. CHRISTOPHER GERHARDS and SUSIE GERHARDS, *Appellees.*

SYLLABUS BY THE COURT.

1. PETITION—*Evidence—Demurrer.* Rule followed that where a petition states a cause of action and the evidence adduced in support of it covers every material allegation of the petition, a demurrer to the evidence can not be sustained.

2. TAXATION—*Property Taken Under Will—Inheritance Tax.* Where persons assume to take property by virtue of a will bequeathing it to them, they are liable for the inheritance taxes imposed on the exercise of their right of succession under the will, and it is immaterial that they might have otherwise established their right to the property through a contract or as *cestuis que trust,* following *The State v. Mollier,* 96 Kan. 514, 519, 152 Pac. 771.

3. STATUTE OF LIMITATION—*Does Not Run Against State.* The familiar rule followed that the statute of limitations does not run against the state.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 6, 1917. Reversed.

*S. M. Brewster,* attorney-general, *S. N. Hawkes, John L. Hunt,* assistants attorney-general, and *Ross McCormick,* county attorney, for the appellant.

*Earl Blake, W. A. Ayres,* and *C. A. McCorkle,* all of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The state appeals from a judgment sustaining a demurrer to the evidence adduced in support of its right to obtain inheritance taxes. The petition alleged that one Christ Backus died on April 22, 1909, leaving the defendants, Christopher and Susie Gerhards as his heirs; and that his will devising all his property to the defendants was duly probated; that defendant Christopher was appointed administrator of the estate with the will annexed; that he gave bond as such; that the will gave each of defendants an undivided half of the es-

tate; that the tax commission found the estate to be worth $15,000, and the expenses of administration to be $271.50, leaving the net value to be $14,728.50; that Christopher was a nephew of the testator and therefore a member of "Class B" under the inheritance tax act of 1909 (Laws 1909, ch. 248, Gen. Stat. 1909, §§ 9265-9291), and that the value of his share of the estate, $7364.25 was liable to a tax of three per cent, or $220.72; that the defendant Susie Gerhards was not a blood relation and did not belong to either "Class A" or "B", and that she was liable to an inheritance tax of five per cent, or $368.21, on her share of the estate.

For these sums and interest thereon the state prayed judgment.

The findings of the tax commission were attached to the petition. The action was filed December 24, 1913.

Defendants' demurrer to the petition was overruled, and they answered:

"2. Said defendants further answering the petition of plaintiff filed herein allege that the property described in plaintiff's petition which the will of Chris Backus purports to devise to defendants herein, belonged to and was the property of defendants herein at the time of the death of said Chris Backus and had been for many years prior thereto and is now the property of said defendants; that for many years prior to the death of Chris Backus the said Chris Backus had lived with these defendants and at the time of the purchase of the property aforesaid the money used to purchase same was the property of these defendants; that defendants purchased said property and as a matter of sentiment placed title thereto in the name of said Chris Backus although the money used for said purpose belonged to defendants as aforesaid and that said Chris Backus was at all times holder of the legal title to said property as trustee for these defendants and had no substantial interest or ownership therein; that at the time said title was placed in said Chris Backus it was understood and agreed between the defendants herein and said Chris Backus that said property was the property of these defendants and that at the death of said Chris Backus same should be devised to these defendants or title thereof placed in the name of these defendants.

"That the above-entitled action, if any ever existed, is barred by the statute of limitations of the state of Kansas."

The state introduced its evidence in support of its petition. It produced as its witness defendant Christopher Gerhards, whose testimony was consistent both with the allegations in the petition and with the recitals in his answer. The probate

judge also testified as to his performance of his official duties under the inheritance-tax act. The inventory of defendant Christopher Gerhards, as administrator, listing the property of the testator, the tax commission's schedule, classification, findings and assessment of the inheritance taxes were also introduced, and Christopher testified that neither he nor his wife had paid the inheritance taxes.

The court sustained a demurrer to the evidence, and the state asks that this judgment be now corrected. We do not discover any gap in the state's evidence to maintain its cause. It fully covered all the allegations of its petition and the petition stated a cause of action. Tested by demurrer, the evidence was entitled to full credence and to be considered in its most favorable and propitious light towards the party which adduced it. (*Bequillard v. Bartlett,* 19 Kan. 382; *Christie v. Barnes,* 33 Kan. 317, 6 Pac. 599; *K. C. Ft. S. & G. Rld. Co. v. Cravens,* 43 Kan. 650, 23 Pac. 1044; *Rogers v. Hodgson,* 46 Kan. 276, 26 Pac. 732; *City of Syracuse v. Reed,* 46 Kan. 520, 26 Pac. 1043; *Buoy v. Milling Co.,* 68 Kan. 436, 75 Pac. 466; *Hoffmeier v. Railroad Co.,* 68 Kan. 831, 75 Pac. 1117; *Can Co. v. Ross,* 72 Kan. 669, 83 Pac. 616; *Coon v. Railway Co.,* 75 Kan. 282, 80 Pac. 682; *Jones v. Adair,* 76 Kan. 343, 91 Pac. 78; *Fuller v. Torson,* 8 Kan. App. 652, 56 Pac. 512.)

It is true that defendant Christopher Gerhards, while on the stand as a witness for plaintiff, was permitted on cross-examination by his own counsel to give testimony tending to support the defense set up in his answer. He told of his marriage in 1891, and that his uncle, Christ Backus the testator, came to reside with him, and that Backus gave him $2000 upon condition that he should always have a home with defendants; that Backus and the defendants kept only one pocketbook; that Backus worked and earned money for about four years and contributed his earnings to the common fund; that both defendants did likewise; that they made investments in land in Russell county and later in Sedgwick county, and that these lands, or most of them, were taken in the name of Christ Backus:

"We first bought 160 acres in Russell county. We bought 80 acres that we paid $1200 for. That was the money that we all saved working in Missouri. That was put in my name. We bought 160 acres in Russell county that was put in deceased's name. That made 400 acres, which

we sold for $6500 in 1897. The same year we purchased the place in Sedgwick county with the $6500, and paid $8000 for it. We borrowed the rest of the money, $1500. There are 200 acres in that place. I testified that deceased had 200 acres of land at the time of his death because it was in his name. . . . The $60 a month that deceased earned for four years he gave to my wife. We got the interest on the property. I put the place in Sedgwick county in the name of deceased because I wanted to be on the safe side. He told me he had the will made. The will was made in 1893. He said the will was all made, and I had the will, And he said, for him to be on the safe side, to make it in his name, and I said all right. From 1891 to deceased's death he did not spend any money. My wife and I purchased his clothing and paid the expense of keeping him."

Altogether the defendant's evidence clearly showed that he and his wife had fully complied with their contract—if that were of any consequence.

But this situation brings the case squarely within the rule laid down in *The State v. Mollier,* 96 Kan. 514, 152 Pac. 771, decided by this court after the case at bar was disposed of below; and we doubt not that the trial court would have so held if it could have had the light afforded by the Mollier case. Counsel here, as in the Mollier case, argue that the case at bar should follow the decision in *Nelson v. Schoonover,* 89 Kan. 779, 132 Pac. 1183, but we think not. The defendants have seen fit to take this property under the will, not under a contract nor as *cestuis que trust.* The state has the power to tax the right of succession—the right to take by will or by the statute of descents and distributions (*The State v. Mollier,* supra, p. 519) ; and since the defendants have chosen to take title by the will of Christ Backus it is of no consequence that they might have secured it through some other mode of acquisition, or through some altogether different legal right thereto.

A faint suggestion is intruded that the action is barred by the statute of limitations. Neither statute, decision nor rule of substantive law is quoted in support of that contention, and we will not do counsel the injustice of assuming that they do not know and understand quite as well as ourselves that the familiar statutes of limitations never run against the state, and that the state is never included in such statutes by inference or mere interpretation, and that only by clear and spe-

cific language in such a statute will the doctrine be countenanced that the state can not collect its due or vindicate its rights regardless of the lapse of time.

Since there is nothing further to determine in this controversy, the judgment will be reversed and the cause remanded with instructions to enter judgment in favor of the state for the inheritance taxes assessed against the defendants.